# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 11, 2012 Session

## BARRY C. MELTON v. ARVIL "BUTCH" CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15123      Robert L. Jones, Judge**

---

**No. M2012-00322-CCA-R3-PC - Filed January 11, 2013**

---

The petitioner, Barry C. Melton, appeals the Wayne County Circuit Court's summary dismissal of his petition for the writ of habeas corpus in which he challenged the legality of the sentences imposed for his Sevier County Criminal Court guilty-pleaded convictions of aggravated sexual battery. We reverse the habeas corpus court's rejection of all forms of habeas corpus relief and hold that the petitioner is entitled to have his illegal sentences corrected. The habeas corpus court, however, correctly ruled that the petitioner failed to establish a basis for withdrawing his guilty pleas. We do not reach the issue whether the 2009 amendments to Tennessee Code Annotated section 29-21-101 violate Article I, section 15, and/or Article II, section 2, of the Tennessee Constitution. Accordingly, the judgment of the habeas corpus court is reversed in part and affirmed in part.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed in Part; Affirmed in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Douglas A. Trant and Troy S. Weston, Knoxville, Tennessee, for the appellant, Barry C. Melton.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee

## OPINION

In 2011, the petitioner filed in the Wayne County Circuit Court a counsel-assisted petition for the writ of habeas corpus. The petitioner challenged the legality of the sentences imposed for his 1997 Sevier County Criminal Court convictions of aggravated

sexual battery.

According to the copies of the judgments, the trial court imposed sentences of 18 years for two counts of aggravated sexual battery in case number 6352 to be served concurrently with each other but consecutively to an 18-year sentence imposed for a conviction of aggravated sexual battery in case number 6326. The petitioner also received an 18-year sentence for a conviction of aggravated sexual battery in case number 6402. Each of the judgments for aggravated sexual battery reflects a Range II sentence of 18 years with a 35-percent release eligibility percentage. All judgments now appended to the petition for the writ of habeas corpus show the same date for the trial judge's signature, August 15, 1997. In this court's opinion affirming the petitioner's sentences on direct appeal we observed that the trial court imposed a total effective sentence of 36 years' incarceration following the petitioner's pleas, *see State v. Barry C. Melton*, No. 03C01-9709-CC-00411, slip op. at 2 (Tenn. Crim. App., Knoxville, Nov. 12, 1998), *perm. app. denied* (Tenn. May 10, 1999) (*Melton I*), and in our opinion affirming the denial of post-conviction relief, we observed that the petitioner entered "best interest" guilty pleas to four counts of aggravated sexual battery and six counts of sexual battery with the exact sentence length to be determined by the trial court, *see Barry C. Melton v. State*, No. E2001-02689-CCA-MR3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, Dec. 4, 2002), *perm. app. denied* (Tenn. May 5, 2003) (*Melton II*). The petitioner does not challenge the sentences imposed as part of the same plea agreement for his convictions of sexual battery.

In his petition for the writ of habeas corpus, the petitioner claimed that the provision for a 35-percent release eligibility percentage for his convictions of aggravated sexual battery rendered the judgments void because Tennessee Code Annotated section 40-35-501(i)(1), (2) requires the service of 100 percent of the sentences. He averred, "Proper procedure, therefore, is to declare void and vacate the judgments and remand the matter to the sentencing court." He contends that this court should reverse the judgment of the habeas corpus court and remand the case and that upon remand, "[E]ither the plea may be withdrawn or the conviction would remain intact."

The State moved to dismiss the petition, and on January 19, 2012, the habeas corpus court entered an order summarily dismissing the petition. That court reasoned that "[t]he petitioner's claim that the sentences should have been imposed with a release eligibility of 100% is not cognizable in a habeas corpus petition pursuant to Tenn[essee] Code Ann[otated section] 29-21-101(b)(1). Furthermore, the petitioner has failed to demonstrate that the illegality was a material element of his plea agreement."

From this order, the petitioner filed a timely appeal. Relying upon the mandatory 100-percent service requirement promulgated in Code section 40-35-501, the

petitioner claims that the 35-percent release eligibility provision in his aggravated sexual battery sentences is void for lack of the trial court's jurisdiction to impose such a sentence. He also posits that the provisions found in Code section 29-21-101(b)(2) that limit the availability of the writ of habeas corpus violate Article I, section 15 of the Tennessee Constitution. Additionally, he claims that the habeas corpus court erroneously denied him an evidentiary hearing on the issue of whether the sentencing anomalies were material in his decision to plead guilty. The State initially countered that the petition was barred by Code section 29-21-101(b) and that summary dismissal was appropriate because the petitioner failed to attach pertinent documents to his petition, failed to show that his aggravated sexual battery sentences were illegal, and failed to demonstrate that the sentences formed a material part of his guilty pleas. In its supplemental brief, the State abandoned its claim that Tennessee Code Annotated section 29-21-101(b) barred the petition in this case.

## I.  Habeas Corpus Law

### A.  In General

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. I, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been facilitated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968) ("Although the writ of habeas corpus is a high, prerogative common law writ, thought by some to have been used before Magna Charta, and guaranteed as a right by the Constitution of Tennessee, Article I, sec. 15, the practice in regard thereto has been regulated by statute in this state at least since the Code of 1858. As to statutes of this kind, it has generally been held that they are not intended to detract from the force of the writ, but rather to add to its efficiency." (citations omitted)). The Tennessee Constitution provides that this remedy "shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare that public safety requires it." Tenn. Const. art. I, §15.

Despite the broad wording of the habeas corpus statute, the writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. 326

(1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Thus, a petitioner may not collaterally attack a facially valid conviction in a habeas corpus proceeding. *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

If the allegations in a petition for habeas corpus relief fail to state a cognizable claim, the trial court may summarily dismiss the petition. *Passarella*, 891 S.W.2d at 627. "In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions." *Summers v. State*, 212 S.W.3d 251, 261 (Tenn. 2007). "When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing." *Id.* The statutory procedural requirements for seeking the writ of habeas corpus "are mandatory and must be followed scrupulously." *Archer*, 851 S.W.2d at 165. The conviction judgment which imposes the sentence is entitled to a presumption of regularity. *Hickman v. State*, 153 S.W.3d 16, 25 (Tenn. 2004).

## B. Illegal Sentencing Provisions

The principles governing the writ of habeas corpus apply to some trial court sentencing determinations. Generally, when a sentencing component is void, habeas corpus relief is available, at least, to correct the illegal component. *See Archer*, 851 S.W.2d at 161 ("'But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired, relief may be had by the writ.'" (quoting *State ex rel. Karr v. Taxing Dist. of Shelby Cnty.*, 84 Tenn. 240, 249-50 (1886)). Our supreme court has repeatedly held that "a sentence imposed in direct contravention of a statute is void and illegal and subject to attack in a habeas corpus proceeding." *Hoover v. State*, 215 S.W.3d 776, 778 (Tenn. 2007); *see also, e.g.*, *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010); *Hickman*, 153 S.W.3d at 20 (Tenn. 2004); *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978).

The aptness of habeas corpus relief from an illegal sentence basically turns on whether the sentencing provision in question conflicts with a statutory requirement. "For purposes of habeas corpus challenges to sentencing, jurisdictional defect means either a sentence that directly contravenes a governing statute or a sentence that was not available under governing statutes." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008).

In the case of a claim that a sentence is illegal because it is excessively lengthy, the question of illegality – and hence voidness – turns on whether the sentence length is "within the overall punishment range authorized for [the given class of] felony offenses." *Hoover*, 215 S.W.3d at 779 ("[T]he overall punishment range authorized for the plea offense . . . controls the determination of whether an agreed sentence is legal."). "However, offender classification is a non-jurisdictional element of sentencing," and "habeas corpus relief is not available to remedy errors or irregularities in offender classification." *Edwards*, 269 S.W.3d at 924; *see Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997) (stating that "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility"). Thus, in a sentence-length issue, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." *Hoover*, 215 S.W.3d at 780. Indeed, even a court-imposed sentencing term, as opposed to a guilty-pleaded sentencing term, that exceeds the applicable sentencing range but not the overall punishment authorized for the plea offense is merely voidable rather than void. *See Edwards*, 269 S.W.3d at 922 ("[H]abeas corpus relief is available whether the trial court imposed the illegal sentence after a jury trial or the parties agreed to the illegal sentence in plea negotiation. This is true because a guilty plea waives only non-jurisdictional defects.").

That being said, "[h]abeas corpus relief may not be used as a substitute for appeal." *Edwards*, 269 S.W.3d at 924. "Relief for . . . non-jurisdictional errors must be obtained, if at all, in a timely filed appeal as of right or in a timely filed petition seeking post-conviction relief." *Id.*

## II. The Illegality of the Aggravated Sexual Battery Sentences

At the outset of our analysis of the claims on appeal, we find it necessary to adjudge the status of the components of the aggravated sexual battery judgments that expressed a 35-percent release eligibility percentage.

Tennessee Code Annotated section 40-35-501 provides:

(i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2). The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236 or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

> (2) The offenses to which the provisions of subdivision
> (1) apply are:
>
> . . . .
>
> (H) Aggravated sexual battery . . . .

T.C.A. § 40-35-501(i)(1), (i)(2)(H) (1997). The 100-percent service requirement pursuant to section 501(i)(1) would be expressed on the Uniform Judgment Document by checking the box for the printed designation "Violent 100%."[1] *See* Tenn. Sup. Ct. R. 17.

Because the petitioner's judgments reflect a 35-percent release eligibility percentage when 100-percent service of the sentence is mandated by law, this case presents a sentencing flaw similar to that identified in both *Smith v. Lewis*, 202 S.W.3d 124 (Tenn. 2006), and *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011). In *Smith*, the original judgment contained a Range I, 15-year sentence for rape of a child that expressed the possibility of release after the completion of 30 percent of the sentence. The judgment was later amended to indicate a 100-percent sentence with a notation that Smith was subject to release after serving 85 percent of the sentence. *Smith*, 202 S.W.3d at 126. The supreme court explained, "Our criminal code provides that, '[n]otwithstanding any other provision of the law to the contrary, a . . . child rapist . . . shall be required to serve the entire sentence imposed by the court undiminished by any sentence reduction credits such person may be eligible for or earn.'" *Id*. at 127 (quoting T.C.A. § 39-13-523(b)). Consequently, the court said, Smith's judgment "in both its original and amended forms contains on its face an illegal sentence." *Id*.

> In *Cantrell*, the court held that Cantrell's
>
> four sentences for his four aggravated rape convictions are illegal because, in direct contravention of Tennessee Code Annotated section 39-13-523, each of the judgment orders indicates that Defendant is eligible for early release on parole (by the designation "Multiple 35% Range 2" offender) instead of indicating that he must serve his entire sentence (by the designation "Multiple Rapist").

*Cantrell v. Easterling,* 346 S.W.3d 445, 459 (Tenn. 2011); *see also Davis*, 313 S.W.3d at 759 (stating that habeas corpus relief is appropriate when a sentence designates a release eligibility date that is prohibited by statute, noting that "the trial court did not have the

---

[1]The petitioner attached Department of Correction documents to his petition that reflect that the department has classified him as a violent offender.

statutory authority (or jurisdiction) to impose the challenged sentence").

Based upon these authorities, the provision for 35-percent release eligibility percentage in the petitioner's aggravated sexual battery convictions is illegal and void. That said, other questions attend our final resolution of this case.

### III.  The State's Claim that the Petition is Inadequate

On appeal, the State claims that the petition for habeas corpus relief in this case is fatally flawed because the petitioner failed to attach relevant documentation for this court's adjudication. *See Summers*, 212 S.W.3d at 261.

We agree that, initially, the petitioner failed to attach to his petition copies of all of the judgments that imposed the 35-percent release eligibility percentage instead of the mandated 100-percent service requirement; however, the petitioner amended and supplemented the petition by adding the missing judgment copies.[2]  Based upon *Smith* and *Cantrell*, the supplemented petition and attached documentation demonstrated that the sentences imposed in the judgments were void and, accordingly, subject to habeas corpus relief. *See Cantrell*, 346 S.W.3d at 455 ("The legality of the sentences in all of these [illegal sentence] categories generally may be determined by simply comparing the judgment order against the relevant statutes." (footnotes omitted)).  Thus, the petitioner provided adequate supporting documentation to establish the illegality of the sentences imposed.

Nevertheless, we agree with the State, as is discussed more fully below, that the petitioner failed to attach to his petition sufficient documentation to support his bid to withdraw his guilty pleas.

### IV.  Withdrawal of Guilty Plea

The habeas corpus court summarily dismissed the petition, in part, because the petitioner failed to demonstrate that the 35-percent release eligibility provision emanated from a bargained-for, material part of the guilty pleas such that an opportunity to withdraw the plea would be availed.  Because the petition does not articulate a basis for availing the petitioner an opportunity to withdraw his guilty plea and because the record otherwise clearly

---

[2]As an aside, we note that the habeas corpus court did not rely upon any inadequacy of the petition in ordering its summary dismissal. *Cf. Hickman*, 153 S.W.3d at 22 (stating that, when the State did not rely upon procedural noncompliance in a bid to dismiss a petition for habeas corpus relief, and the habeas corpus court chose to adjudicate the petition on other grounds, our supreme court has declined to base its "decision to dismiss the petition upon the petitioner's failure to comply with the statutory procedure").

evinces that the sentencing anomaly under attack was *not* a material, bargained-for element of the plea procedure, we agree with the determination of the habeas corpus court that the petitioner is not entitled to withdraw his guilty plea.

When a sentencing component in a guilty-pleaded case is deemed void, habeas corpus relief entails an opportunity to withdraw the guilty plea in certain circumstances. *Cantrell*, 346 S.W.3d at 456 ("[I]f the conviction is valid but the sentence is illegal, and therefore void, then the remedy depends upon whether the sentence was imposed pursuant to a plea-bargain."). "[W]hen a defendant bargains for and receives an illegal sentence, the defendant will have the option of resentencing on the original plea or withdrawal of the plea and recommencement of the prosecution." *Id*. In *Summers*, our supreme court "reaffirmed . . . prior decisions holding that a habeas corpus petitioner is entitled to withdraw his guilty plea when the bargained-for sentence" is infected with the illegal sentencing term. *Summers*, 212 S.W.3d at 259. The court observed that when considering whether a bargained-for sentencing component was a "material part" of a petitioner's guilty plea "the determinative issue is whether the plea agreement included an illegal sentence as a material element. If so, the illegal sentence renders the guilty plea, including the conviction, invalid." *Summers*, 212 S.W.3d at 259. "When a plea agreement constitutes a package deal, an illegal sentence imposed on one of the plea offenses generally invalidates the entire plea agreement. Thus as a general rule, when a plea agreement includes an illegal sentence, a defendant is entitled to withdraw the guilty plea." *Summers*, 212 S.W.3d at 258.

On the other hand, "where an illegal sentence is imposed pursuant to a plea agreement but is not a material (bargained-for) element of the agreement, the illegal sentence may be corrected in habeas corpus, but the conviction will remain intact," *Edwards*, 269 S.W.3d at 928, and the petitioner is afforded no opportunity to withdraw his plea, *see Smith*, 202 S.W.3d at 130 ("Rather, the record in this case demonstrates that the trial court made an error sua sponte and independent of the plea bargain. Under these circumstances, we hold the illegal sentence to be null and void. Smith's conviction, however, remains intact."); *Cantrell*, 346 S.W.3d at 459 (holding that, because Cantrell's "underlying convictions are not tainted by the illegality and therefore remain intact," Cantrell was entitled to "habeas corpus relief to the extent of remanding th[e] matter to the Circuit Court of Hickman County, Tennessee, for the entry of amended judgment orders reflecting Defendant's status as a 'Multiple Rapist'").

In our opinion following the petitioner's appeal from the denial of post-conviction relief, this court observed that the petitioner did not plead guilty in exchange for a specific sentence and that the only limitations placed upon the trial court were that the petitioner receive Range II sentences for the aggravated sexual battery convictions and that the convictions for crimes committed against the same victim be served concurrently. *See*

*Melton II*, slip op. at 2.[3]  As we explained, "The plea agreement provided for the trial court to determine the lengths of the aggravated sexual battery sentences within twelve to twenty years, the range of punishment for a Range II offender."  *Melton II*, slip op. at 1-2.  The trial court ultimately determined the individual sentence length within Range II for each conviction of aggravated sexual battery and imposed the 35-percent release eligibility provision in the judgments.  In this situation, the illegal sentencing term in the aggravated sexual battery judgments was not a material, bargained-for element of the guilty pleas.

Although we recognize the possibility that additional records from the Sevier County Criminal Court might have advanced the petitioner's claim that he is entitled to withdraw his guilty pleas, no such documents were provided in the habeas corpus action.  *See Summers*, 212 S.W.3d at 261 ("In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions.").  Any lapse in this regard is affirmatively offset by the findings of this court in *Melton II*.

Accordingly, although the 35-percent release eligibility provision rendered the sentences illegal, and although the petitioner asked for a remand to the Sevier County Criminal Court for the opportunity to withdraw his plea, he did not allege and did not establish a basis for withdrawal of his guilty pleas as a function of habeas corpus relief.  Thus, the habeas corpus court did not err in dismissing the petitioner's bid for an opportunity for plea withdrawal as a function of such relief.  That determination, however, as we shall show, does not foreclose the petitioner from all habeas corpus relief.

---

[3]In the appeal of the petitioner's post-conviction case, this court recited the following summary of the sentencing procedure:

> The six counts of sexual battery involved the thirteen-year-old victim.  Two counts of aggravated sexual battery involved the twelve-year-old victim and the remaining two counts of aggravated sexual battery involved the ten-year-old victim.  The petitioner had several prior convictions for sexual offenses.  *See* Tenn. Code Ann. § 40-35-112(b)(2).  As a career offender, the petitioner would receive six-year sentences for the sexual battery convictions.  *See* Tenn. Code Ann. §§ 40-35-108(c), -112(c)(5).  The agreement provided that the sentences for convictions involving the same victim would be served concurrently, but the trial court would determine whether the sentences for the offenses involving different victims would be served concurrently or consecutively.  Therefore, the range of punishment for the total effective sentence for all offenses under the plea agreement was between twelve and forty-six years.  Following a sentencing hearing, the trial court imposed an effective thirty-six-year sentence.

*Melton II*, slip op. at 1-2.

## V. The Habeas Corpus Petition as a Threshold to
### Correcting an Illegal Sentencing Term

Despite the petitioner's failure to show entitlement to a plea withdrawal, he has demonstrated, as we have held, that the 35-percent release eligibility percentage included in the sentences for aggravated sexual battery is void. Habeas corpus relief has traditionally been available to merely correct the illegality without disturbing the pleas or the convictions.

Indeed, a habeas corpus petition is the proper procedural vehicle for challenging an illegal sentence. *See Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) ("[T]he proper procedure for challenging an illegal sentence at the trial level is through a petition for writ of habeas corpus, the grant or denial of which can then be appealed under the Rules of Appellate Procedure."); *Summers*, 212 S.W.3d at 256 ("A habeas corpus petition, rather than a motion to correct an illegal sentence, is the proper procedure for challenging an illegal sentence."); *Stephenson*, 28 S.W.3d at 912 (stating that a void sentence was properly challenged in a petition for writ of habeas corpus). Moreover, at the time the petitioner filed his petition for the writ of habeas corpus, it was the only avenue available for correction of the erroneous 35-percent release eligibility provision.

In *May v. Carlton*, 245 S.W.3d 340 (Tenn. 2008), the supreme court determined that the trial judge had *sua sponte*, and erroneously, inserted into the petitioner's conviction judgment a declaration of infamy. After determining that the error rendered the judgment void and that the petitioner deserved habeas corpus relief, the court held, "The petitioner is entitled to no remedy other than a correction of the judgment, thereby regaining, in his words, the 'constitutionally-protected, fundamental right of suffrage as provided in Article I, Section 5 of the Tennessee Constitution.'" *May v. Carlton*, 245 S.W.3d 340, 348-49 (Tenn. 2008). The court added, "He should be granted relief from the declaration of infamy, but nothing more. The conviction and term of incarceration remain intact." *Id.* at 349 (footnote omitted).

As in *May*, the present petitioner has demonstrated that his sentencing judgments for aggravated sexual battery embrace an illegal term, and he is entitled to relief in the form of judgment correction of the illegal term and in that form only. *See Summers*, 212 S.W.3d at 258 ("A court lacks jurisdiction to impose an agreed sentence that is illegal, even an illegally lenient one.").

### VI. Code section 29-21-101(b)

The habeas corpus court, however, precluded any relief by alternatively holding that the petitioner was barred from the traditional method of redress through a petition for

the writ of habeas corpus by the terms of Tennessee Code Annotated section 29-21-101(b).

Code section 29-21-101 was amended in 2009 to provide:

> (a) Any person imprisoned or restrained of liberty, under any pretense whatsoever, *except in cases specified in subsection (b)* and in cases specified in § 29-21-102, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint.

> (b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

> (1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;

> (2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or

> (3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

T.C.A. § 29-21-101 (emphasis added to designate the portion of the original statute, now appearing as subsection (a), that was added in 2009 to effectuate the terms of subsection (b)).

In the current habeas corpus proceeding, the State's motion to dismiss the petition relied in part upon the 2009 amendments to Code section 29-21-101, and the State on appeal initially embraced the habeas corpus court's ruling that section 29-21-101(b)(2) barred the petitioner from any relief. In response, the petitioner maintained that these amendments violated Article I, section 15, of the Tennessee Constitution, the provision limiting the suspension of the writ of habeas corpus. During oral argument, discussion developed concerning whether the code section might also violate Article II, section 2, of the Tennessee Constitution, the provision establishing separation of governmental powers. *See* Tenn. Const. art. II, § 2 ("No person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted."). This court subsequently ordered the parties to address through additional briefing both questions, as well as the issue whether the constitutional

questions may be reached in this proceeding.

In it supplemental brief, the State not only abandoned its claim that the 2009 amendments to Code section 29-21-101 barred relief in the present case but also conceded that the trial court's alternative ruling to this effect was erroneous. This epiphany resulted from the view that, although a portion of the petitioner's plea was negotiated, the infirm portion was not negotiated as required by new section 29-21-101(b). Indeed, that subsection, in prefacing the types of sentencing anomalies that are not justiciable in habeas corpus, says that "[p]ersons restrained of their liberty pursuant to a guilty plea *and negotiated sentence* are not entitled to the benefits of this writ of any" of the claims thereafter enumerated. T.C.A. § 29-21-101(b) (emphasis added). Thus, because the offending portion of the petitioner's sentences is not negotiated, we agree with the State.

Two results follow: (1) The habeas corpus court erroneously utilized code section 29-21-101(b), and (2) because the section is inapt in this case, we do not reach the constitutional issues. The courts of this state must uphold the constitutionality of statutes when possible, *see Dykes v. Hamilton County*, 191 S.W.2d 155, 159 (Tenn. 1945); *State v. Joyner*, 759 S.W.2d 422, 425 (Tenn. Crim. App. 1987), always beginning review of the constitutionality of a statute "with the presumption that an act of the General Assembly is constitutional," *Gallaher v. Elam*, 104 S.W.3d 455, 459 (Tenn. 2003) (citing *State v. Robinson*, 29 S.W.3d 476, 479-80 (Tenn. 2000); *Riggs v. Burson*, 941 S.W.2d 44, 51 (Tenn. 1997)). Moreover, a reviewing court must "'indulge every presumption and resolve every doubt in favor of the statute's constitutionality.'" *Id.* (quoting *State v. Taylor*, 70 S.W.3d 717, 721 (Tenn. 2002)). Most importantly to our resolution of this case, however, is the established principle that "'courts do not decide constitutional questions unless resolution is absolutely necessary to determining the issues in the case and adjudicating the rights of the parties.'" *Waters v. Farr*, 291 S.W.3d 873, 882 (Tenn. 2009) (quoting *Taylor*, 70 S.W.3d at 720 (citing *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)).

*VII. Conclusion*

The order of the habeas corpus court is affirmed in part and reversed in part. The basis for summary dismissal grounded in Tennessee Code Annotated section 29-21-101(b) is reversed. The case is remanded to the Wayne County Circuit Court which shall order the Sevier County Criminal Court to amend all judgments in the aggravated sexual battery counts to reflect that the petitioner shall serve 100 percent of the Range II sentences in those counts as a violent offender. Because the petitioner failed to establish that the illegal 35-percent release eligibility designation was a bargained-for element of his plea agreement, he is not entitled to withdraw his guilty pleas, and that part of the habeas corpus court's judgment so holding is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE